*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSE GUARDALUPE HERNANDEZ, also known as JOSE GUADALUPE HERNANDEZ,

Plaintiff-Appellant,

v

VICTORIA MAYORAL-MARTINEZ,

Defendant-Appellee.

FOR PUBLICATION
July 23, 2019
9:15 a.m.

No. 347131
Kent Circuit Court
LC No. 18-009990-DC

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

SHAPIRO, J.

Plaintiff-father appeals the circuit court's order dismissing this case for lack of subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* The court's ruling was based on its conclusion that Mexico was the minor child's "home state." However, in this case the child did not have a home state as that term is defined by the UCCJEA. Accordingly, we reverse and remand to the circuit court so that it may fully consider whether it has jurisdiction under the UCCJEA.

## I. BACKGROUND

The parties never married but were in a romantic relationship for several years. In June 2016, defendant-mother gave birth to a daughter in Michigan. The next day plaintiff signed an affidavit of parentage, which granted defendant "initial custody" of the child. MCL 722.1006. The parties' relationship ended sometime after the child's birth. In May 2017, defendant went with the child to Mexico to visit relatives. According to plaintiff, in November 2017 defendant returned to Michigan without the child. The circuit court found that the child has been living with the maternal grandmother in Mexico since May 23, 2017.

In November 2018, plaintiff filed a complaint for custody and requested that the circuit court order the child's return to Michigan. He asserted that the court had subject-matter jurisdiction under the UCCJEA. Defendant appeared pro per for the hearing and said that she took the child to Mexico to keep her from plaintiff. Defendant considered plaintiff "a threat" to

-1-

her and the child. The court found that Michigan was the child's home state under the UCCJEA and ordered defendant to arrange for the child's return to Michigan.

Defendant obtained counsel and moved the circuit court to vacate its prior order. Defendant argued that Mexico, not Michigan, had home-state jurisdiction because the child had been living there since May 2017. Defendant asserted that the maternal grandmother had initiated a "custody action" in Mexico, but also referred to that matter as a "guardianship proceeding[]." Defendant argued that the Mexico court would likely find jurisdiction over the child and asked the circuit court to defer to those proceedings.

A hearing on defendant's motion was held in December 2018. Both parties presented arguments regarding jurisdiction under the UCCJEA. The circuit court now found that Mexico was the child's home state. The court also found that there was no indication that Mexico has declined jurisdiction or is likely to do so. Accordingly, the court vacated its prior orders and dismissed the case for a lack of subject-matter jurisdiction.

## II. ANALYSIS

Plaintiff argues that the circuit court erred in determining that it lacked jurisdiction under the UCCJEA. We agree with plaintiff that the court erred in finding that Mexico was the child's home state. As will be discussed, that ruling was erroneous because the child had not been living in Mexico with "a person acting as parent" as that phrase is defined by the UCCJEA. Given its ruling, the circuit court did not fully consider the UCCJEA's other jurisdictional bases. Accordingly, we reverse the court's order and remand so that the court can decide whether it has jurisdiction under the provisions that apply when no state falls within the definition of home state.[1]

The UCCJEA governs child-custody proceedings involving Michigan and a proceeding or party outside of the state. *Cheesman v Williams*, 311 Mich App 147, 150-151; 874 NW2d 385 (2015). The Act treats foreign countries as another "state" for jurisdictional purposes. MCL 722.1105(1). Section 201 of the UCCJEA explains when a court has jurisdiction to make an "initial custody determination." MCL 722.1201. The primary jurisdictional basis is MCL 722.1201(1)(a), which provides that a court can assert jurisdiction when Michigan is the child's home state or was the home state within six months of the commencement of the proceedings. Home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding." MCL 722.1102(g). In this case, the child has lived in Mexico since May 2017. So when the proceedings commenced in November 2018, Michigan was not the child's home state nor had it been in the prior six months. The circuit court correctly concluded that it did not have home-state jurisdiction.

When Michigan is not the child's home state, the next question is whether another state is the child's home state. See MCL 722.1201(1)(b); *Cheesman*, 311 Mich App at 154. Here, the

---

[1] We review de novo whether a circuit court has jurisdiction under the UCCJEA. *Cheesman v Williams*, 311 Mich App 147, 150-151; 874 NW2d 385 (2015).

circuit court determined that Mexico was the child's home state because she had been living there with "a person acting as a parent," i.e., the maternal grandmother. However, the phrase "[p]erson acting as a parent" has a unique meaning under the UCCJEA that the grandmother in this case does not meet. That phrase is defined as follows:

> (m) "Person acting as a parent" means a person, other than a parent, who meets both of the following criteria:
>
> (*i*) Has physical custody of the child or has had physical custody for a period of 6 consecutive months, including a temporary absence, within 1 year immediately before the commencement of a child-custody proceeding.
>
> (*ii*) Has been awarded legal custody by a court or claims a right to legal custody under the law of this state. [MCL 722.1102(m).]

At the time the circuit court made its ruling, the grandmother had not been awarded legal custody of the child. Although there were suggestions that the grandmother was seeking custody in Mexico, that does not amount to the grandmother claiming "a right of custody under the law of *this state*." MCL 722.1102(m)(*ii*) (emphasis added).[2] So according to the UCCJEA, the child has not been living in Mexico with a person acting as a parent. The circuit court therefore erred in ruling that Mexico was the child's home state.

When there is no home state the next step is to consider whether Michigan has "significant connections" jurisdiction under MCL 722.1201(1)(b). A court has jurisdiction pursuant to that provision when the following circumstances are present:

> (b) A court of another state does not have jurisdiction under subdivision (a) [i.e., there is no home state], . . . and the court finds both of the following:
>
> (*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. [MCL 722.1201(1)(b).]

The circuit court partially considered whether it had jurisdiction on this basis. The court found its order dismissing the case that the child "no longer has significant connections with the State of Michigan other than her parents being present in this state." But this finding was clearly erroneous. The child has a significant connection with Michigan because she was born here and lived here for almost the entire first year of her life. Further, her parents continue to live in Michigan. The phrase "mere physical presence" indicates that presence alone is not enough for

---

[2] We note that in Michigan a third party could not seek custody in this case because the parent who has custody, i.e., defendant, is not dead or missing. See MCL 722.26c(1)(b)(*ii*).

-3-

jurisdiction.[3] For instance, a state would not have significant connections to a family when a parent initiates custody proceedings upon first arrival. That is not to say, however, that the parents' continued presence in the state is insignificant. Clearly it is a relevant factor that strengthens the child's connection with the state. In this case, the fact that the child was born in Michigan, as well her parents' continued presence here, convinces us that she has a sufficient connection to the state for purposes of MCL 722.1201(1)(b).

At the hearing, the circuit court briefly considered whether there was "substantial evidence" relating to the child in Michigan, although it did not make any express findings on this matter in its order. Certainly evidence of the child's current care and well-being exists in Mexico. But defendant informed the court that she talks with the child daily and sends money to the child. Further, custody determinations depend in large part on the parents' fitness and ability to provide care. See MCL 722.23(a)-(*l*) (best-interests factors). And there is substantial evidence of those factors in Michigan, where the parents reside. The purpose of the substantial-evidence prong is clear: "The jurisdictional determination should be made by determining whether there is sufficient evidence in the State for the court to make an informed custody determination." 9 Uniform Laws Annotated, UCCJEA (1997), comment § 201, p 672. Given that both parents have resided in Michigan for some time, it would seem that there is sufficient evidence here for the circuit court to make such a determination.

In sum, the circuit court only partially considered whether it had significant-connections jurisdiction. Presumably, the court gave short shrift to that matter because it determined that Mexico was the child's home state. Given that the primary reason for the court's order was erroneous, we remand so that the trial court can fully consider whether it has jurisdiction under MCL 722.1201(1)(b). In making that determination, the court may receive evidence and additional arguments from the parties. See *Cheesman*, 311 Mich App at 154-155. If the court concludes that it does not have jurisdiction under MCL 722.1201(1)(b), then it should consider whether MCL 722.1201(1)(d) applies.[4] *Id*. at 154.

If on remand the circuit court concludes that it has jurisdiction, it nonetheless has discretion to decline jurisdiction if it finds that it is an inconvenient forum for the custody dispute. MCL 722.1207. Before making that determination, however, the court is to consider various factors. MCL 722.1207(2). And even if the court finds that a court of another state is a more appropriate forum, the remedy is not a dismissal; rather, the court must "stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just." MCL 722.1207(3).

---

[3] See also MCL 722.1201(3) ("Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination.").

[4] MCL 722.1201(1)(d) provides a Michigan court with jurisdiction to make the initial custody determination when "[n]o court of another state would have jurisdiction under subdivision (a), (b), or (c)."

Whether the circuit court is an appropriate forum for this dispute may arise on remand. In that event, the circuit court shall comply with MCL 722.1207 and make factual findings as necessary. We also note that the official comment to the UCCJEA recommends communication with the other forum in these circumstances. See 9 Uniform Laws Annotated, UCCJEA (1997), comment § 207, p 683. A clarification and update on the Mexico proceedings may prove helpful to the circuit court in making its decisions. On that note, we acknowledge the possibility that the Mexico court may have made a custody determination regarding the child. If so, the parties and the court should address whether that order would be enforceable in Michigan. See MCL 722.1105(2) (providing that a foreign country's child-custody determination is enforceable only when it is made "under factual circumstances in substantial conformity with the jurisdictional standards of this act . . . ." ).

Reversed and remanded. We retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ David H. Sawyer
/s/ Stephen L. Borrello

# Court of Appeals, State of Michigan

## ORDER

Jose Guardalupe Hernandez v Victoria Mayoral Martinez

Docket No.    347131

LC No.        18-009990-DC

David H. Sawyer
Presiding Judge

Stephen L. Borrello

Douglas B. Shapiro
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ David H. Sawyer

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 23, 2019
Date

Chief Clerk